UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In re:                                                                                                                   Hon. Robert J. Jonker

| Case No. | Case |
|---|---|
| 1:13cv524 | Malibu Media v. John Doe, IP 24.11.146.124 |
| 1:13cv527 | Malibu Media v. John Doe, IP 24.247.67.157 |
| 1:13cv528 | Malibu Media v. John Doe, IP 50.141.188.37 |
| 1:13cv529 | Malibu Media v. John Doe, IP 50.151.144.104 |
| 1:13cv530 | Malibu Media v. John Doe, IP 58.40.203.93 |
| 1:13cv531 | Malibu Media v. John Doe, IP 68.60.118.245 |
| 1:13cv533 | Malibu Media v. John Doe, IP 68.60.142.101 |
| 1:13cv534 | Malibu Media v. John Doe, IP 71.205.199.22 |
| 1:13cv535 | Malibu Media v. John Doe, IP 71.205.204.29 |
| 1:13cv537 | Malibu Media v. John Doe, IP 71.205.65.83 |
| 1:13cv538 | Malibu Media v. John Doe, IP 75.151.2.61 |
| 1:13cv539 | Malibu Media v. John Doe, IP 98.206.171.166 |


**ORDER ON PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

On May 13, 2013, Malibu Media, LLC ("Plaintiff") filed a complaint in each of the listed cases, alleging that an unnamed defendant ("Defendant John Doe") had directly infringed Plaintiff's copyrights. Plaintiff attempted to ascertain Defendant John Doe's identity by using a forensics technician to capture and analyze data from Defendant John Doe's infringing activity on BitTorrent, a popular online file transfer protocol. Those efforts, however, uncovered only an internet protocol ("IP") address. Plaintiff now seeks leave to initiate limited discovery to identify Defendant John Doe. Specifically, Plaintiff asks the Court's permission to serve a Rule 45 subpoena on the internet service provider ("ISP") to which the IP address associated with Defendant John Doe's infringing activity resolves, and to conduct necessary follow-up discovery.

Federal Rule of Civil Procedure 26(d) generally prohibits a party from seeking discovery

1

from any source before the parties' Rule 26(f) conference. FED. R. CIV. P. 26(d)(1). However, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." In this case, Plaintiff has shown good cause for limited, expedited discovery to uncover Defendant John Doe's true identity. Without that information, the litigation cannot proceed, because Plaintiff would be unable to effect service of process upon Defendant John Doe. Plaintiff has used reasonable efforts to identify Defendant John Doe without early discovery, but has garnered only an IP address, not a personal identity. A third party subpoena to the ISP associated with that IP address to provide Plaintiff with Defendant John Doe's true name, address, alternate email addresses, and telephone number is limited and reasonably calculated to uncover the necessary information without imposing an undue burden on the ISP, and without unfairly prejudicing Defendant John Doe. The Court will not authorize additional discovery at this time. If Plaintiff needs more information before Defendant John Doe is actually joined as a party in his or her true name, Plaintiff will need to file an additional motion.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff established "good cause" to serve a third-party subpoena on the Internet Service Provider ("ISP") to which the internet protocol ("IP") address associated with Defendant John Doe's infringing activity resolves.

2. Plaintiff may serve the ISP for Defendant John Doe with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, alternate email addresses, and telephone number of Defendant John Doe to whom the ISP assigned an IP address. Plaintiff shall attach any such subpoena to a copy of this Order of the Court.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

the term "cable operator" means any person or group of persons

> > (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
> >
> > (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such cable system,
>
> it shall comply with 47 U.S.C. § 551(c)(2)(B), which states
>
> > [a] cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person whom the order is directed.
>
> by sending a copy of this Order to Defendant John Doe.

4. Plaintiff may only use the information disclosed in response to its Rule 45 subpoena for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint against Defendant John Doe.

5. No other discovery is authorized by this Order.

**IT IS SO ORDERED.**

                                                  /s/Robert J. Jonker
                                                  ROBERT J. JONKER
                                         UNITED STATES DISTRICT JUDGE

Dated:  May 15, 2013